UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SHELLIE A. HARRINGTON,

        Plaintiff,

     v.                                  18-CV-249
                                          Decision & Order

ANDREW SAUL, Commissioner of Social
Security,

        Defendant.

On February 16, 2018, the plaintiff, Shellie A. Harrington, brought this action

under the Social Security Act ("the Act"). She seeks review of the determination by the

Commissioner of Social Security ("Commissioner") that she was not disabled. Docket

Item 1. On November 16, 2018, Harrington moved for judgment on the pleadings,

Docket Item 13; on January 3, 2019, the Commissioner responded and cross-moved for

judgment on the pleadings, Docket Item 17; and on January 24, 2019, Harrington

replied, Docket Item 18.

For the reasons stated below, this Court grants Harrington's motion in part and

denies the Commissioner's cross-motion.

## BACKGROUND

I. PROCEDURAL HISTORY

On January 24, 2014, Harrington applied for Supplemental Security Income

benefits. Docket Item 10 at 41. She claimed that she had been disabled since May 1,

2011, due to arm nerve damage, spinal stenosis, "COPD[1]," and arthritis in her neck. *Id.* at 210.

On May 7, 2014, Harrington received notice that her application was denied because she was not disabled under the Act. *Id.* at 103. She requested a hearing before an administrative law judge ("ALJ"), *id.* at 41, which was held on June 22, 2016, *id.* The ALJ then issued a decision on August 8, 2016, confirming the finding that Harrington was not disabled. *Id.* at 49. Harrington appealed the ALJ's decision, but her appeal was denied, and the decision then became final. *Id.* at 5.

## II.   THE ALJ'S DECISION

In denying Harrington's application, the ALJ evaluated Harrington's claim under the Social Security Administration's five-step evaluation process for disability determinations. *See* 20 C.F.R. § 404.1520. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. § 404.1520(a)(4)(i). If so, the claimant is not disabled. *Id.* If not, the ALJ proceeds to step two. § 404.1520(a)(4).

At step two, the ALJ decides whether the claimant is suffering from any severe impairments. § 404.1520(a)(4)(ii). If there are no severe impairments, the claimant is not disabled. *Id.* If there are any severe impairments, the ALJ proceeds to step three. § 404.1520(a)(4).

At step three, the ALJ determines whether any severe impairment or impairments meet or equal an impairment listed in the regulations. § 404.1520(a)(4)(iii). If the

---

[1] Chronic obstructive pulmonary disease.

claimant's severe impairment or impairments meet or equal one listed in the regulations, the claimant is disabled. *Id.* But if the ALJ finds that none of the severe impairments meet or equal any in the regulations, the ALJ proceeds to step four. § 404.1520(a)(4).

As part of step four, the ALJ first determines the claimant's residual functional capacity ("RFC"). *See* §§ 404.1520(a)(4)(iv); 404.1520(d)-(e). The RFC is a holistic assessment of the claimant—addressing both severe and nonsevere medical impairments—that evaluates whether the claimant can perform past relevant work or other work in the national economy. *See* 20 C.F.R. § 404.1545.

After determining the claimant's RFC, the ALJ completes step four. 20 C.F.R. § 404.1520(e). If the claimant can perform past relevant work, he or she is not disabled and the analysis ends. § 404.1520(f). But if the claimant cannot, the ALJ proceeds to step five. 20 C.F.R. §§ 404.1520(a)(4)(iv); 404.1520(f).

In the fifth and final step, the Commissioner must present evidence showing that the claimant is not disabled because the claimant is physically and mentally capable of adjusting to an alternative job. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); 20 C.F.R. § 404.1520(a)(4)(v), (g). More specifically, the Commissioner bears the burden of proving that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

Here, at step one, the ALJ determined that Harrington had not engaged in substantial gainful activity since the alleged disability onset date. Docket Item 10 at 43. At step two, the ALJ found that Harrington suffered from several severe impairments: obstructive airway disease, degenerative disc disease of the lumbar spine, and

degenerative disc disease of the cervical spine. *Id.* At step three, the ALJ determined

that none of Harrington's impairments, either singly or in combination, met or medically

equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P,

Appendix 1. At step four, the ALJ found that Harrington had the RFC to

> perform less than a full range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b). Specifically, claimant is able to sit for 6 hours out of 8 hours; and she can stand and walk in combination for 6 hours out of 8 hours. Claimant is able to lift, carry, push, or pull 10 pounds frequently and up to 20 pounds occasionally. She should never lift, carry, push, pull, or reach overhead with her bilateral upper extremities. Claimant should never climb ladders, ropes, or scaffolding; kneel; crouch; or crawl. She can occasionally climb stairs or ramps and stoop. Claimant must have an indoor work environment. She should never be exposed to extreme cold; extreme heat; humidity; wetness; or noxious fumes, odors, dust, airborne particulate, or pulmonary irritants. She should never be exposed to hazards, which would include dangerous machinery and unprotected heights.

*Id.* at 44. The ALJ then found that Harrington was capable of performing her past

relevant work as a deli slicer, so that she was not disabled within the meaning of the

Act. *Id.* at 49.

## STANDARD OF REVIEW

"The scope of review of a disability determination . . . involves two levels of

inquiry." *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). The court "must first

decide whether [the Commissioner] applied the correct legal principles in making the

determination." *Id.* This includes ensuring "that the claimant has had a full hearing

under the . . . regulations and in accordance with the beneficent purposes of the Social

Security Act." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v.*

*Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)). Then, the court "decide[s] whether the

determination is supported by 'substantial evidence.'" *Johnson*, 817 F.2d at 985

(quoting 42 U.S.C. § 405(g)).  "Substantial evidence" means "more than a mere scintilla.

It means such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting

*Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  "Where there is a

reasonable basis for doubt whether the ALJ applied correct legal principles, application

of the substantial evidence standard to uphold a finding of no disability creates an

unacceptable risk that a claimant will be deprived of the right to have her disability

determination made according to correct legal principles."  *Johnson*, 817 F.2d at 986.

## DISCUSSION

### I.     ALLEGATIONS

Harrington objects to the ALJ's RFC determination.  Docket Item 13-1 at 9.  She

specifically argues that the ALJ erred by rejecting the only two medical opinions in the

record regarding her physical limitations while nonetheless assessing "a variety of

limitations based on the entirety of the record."  *Id.*  According to Harrington, the ALJ

erred by coming "to a residual functional capacity with highly specific limitations without

reliance on a medical opinion."  *Id.* at 11.  For the reasons that follow, this Court agrees.

### II.    ANALYSIS

An ALJ must "conduct a distinct analysis that would permit adequate review on

appeal," *Aung Winn v. Colvin*, 541 Fed. Appx. 67, 70 (2d Cir. 2013), and each of the

ALJ's conclusions must be supported by relevant medical evidence, *see Talavera*, 697

F.3d at 151. "[T]he ALJ cannot arbitrarily substitute his own judgment for competent

medical opinion."  *McBrayer v. Sec'y. of Health and Human Servs.*, 712 F.2d 795, 799

(2d Cir. 1983); *see also Fuller v. Astrue*, 2010 WL 3516935, at \*5 (W.D.N.Y. Sep. 7, 2010) ("[A]n ALJ is not free to substitute his own lay opinion for opinions from treating sources."). When an ALJ does "not connect the record evidence and RFC findings" or otherwise "explain how the record evidence supported his RFC findings," the decision leaves the court "with many unanswered questions and does not afford an adequate basis for meaningful judicial review." *Gorny v. Comm'r of Soc, Sec.*, 2018 WL 5489573, at \*4 (W.D.N.Y. Oct. 29, 2018).

A very specific RFC assessment—such as specific limited time that a claimant can spend on certain activities—must be based on evidence in the record, not on "the ALJ's own surmise*." Cosnyka v. Colvin*, 576 Fed.App'x. 43, 46 (2d Cir. 2014) (summary order); *see also Mariani v. Colvin*, 576 Fed. Appx. 8, 10 (2d Cir. 2014) (summary order) (holding that RFC to perform manipulation/fingering 50% of the time during a work day was not supported by substantial evidence). So when the record provides no support for how long a claimant can sit or stand without relief, a specific finding toward that end is not supported by substantial evidence. *See, e.g.*, *Tomicki v. Berryhill*, 2018 WL 703118, at \*5 (W.D.N.Y. Jan. 11, 2018) ("[T]he record does not support the ALJ's conclusion that she needs to briefly switch between sitting and standing only every thirty minutes. . . . Moreover, there is evidence in the record indicating that Tomicki needs to change positions every few minutes, not every thirty minutes."). Without "some explanation" from the ALJ "as to the tether between her RFC and the non-stale medical opinions or statements from plaintiff, the RFC [is] based upon her lay analysis of plaintiff's limitations, which is not permitted and requires remand." *Jordan v. Berryhill*, 2018 WL 5993366, at \*3 (W.D.N.Y. Nov. 15, 2018).

Here, the ALJ's specific finding that Harrington "is able to sit for 6 hours out of 8 hours" and "stand and walk in combination for 6 hours out of 8 hours" is not supported by substantial evidence. Docket Item 10 at 44. In fact, no evidence in the record even suggests any such time limit on sitting or standing and walking. *See generally* Docket Item 10.

In an effort to suggest otherwise, the Commissioner argues that the ALJ's RFC finding was "based on the record as a whole" and not "based simply on the medical opinion evidence alone." Docket Item 17-1 at 16. But that argument misses the mark. If an ALJ includes a "highly-specific" limitation in the claimant's RFC, that limitation cannot come from whole cloth. *Tomicki*, 2018 WL 703118, at *4. In other words, the ALJ cannot arrive at specific limitations that do not appear anywhere in the medical record. *See McBrayer*, 712 F.2d at 799 ("[T]he ALJ cannot arbitrarily substitute his own judgment for competent medical opinion."). Here, "[t]he ALJ did not cite any evidence to support this highly-specific sit-stand option, nor did the Commissioner identify any such evidence in [his] motion papers, making it unclear to the Court how the ALJ arrived at this particular finding." *Tomicki*, 2018 WL 703118, at *4.

The Commissioner is correct that the ALJ's decision to assign little weight to the opinion of Abrar Siddiqui, M.D., about Harrington's exertional limitations cut in her favor. *See* Docket Item 17-1 at 17; Docket Item 10 at 48. Indeed, Dr. Abrar Siddiqui opined that the claimant had fewer exertional limitations than the ALJ ultimately found. But that does not change the fact that no record evidence supports the very specific limitation the ALJ found: that Harrington could spend only six hours of each eight-hour work day sitting or standing and walking. Because that time limitation appears to be the ALJ's

own invention, it requires remand.  *See, e.g.*, *Vongsouvanh v. Comm'r of Soc. Sec.*, 2015 WL 926200, at \*10 (N.D.N.Y. Mar. 3, 2015) (omission of any conclusion from consulting examiner regarding prolonged sitting could not have been reasonably construed by ALJ as a conclusion that plaintiff could sit for six hours in an eight-hour day); *Tricic v. Astrue*, No. 6:07-CV-997 (NAM), 2010 WL 3338697, at \*3-4 (N.D.N.Y. Aug. 24, 2010) (ALJ's determination that plaintiff could stand/walk and sit for about six hours in an eight-hour workday was not supported by substantial evidence when two treating doctors opined that plaintiff should avoid prolonged sitting and/or standing, and no examining doctor provided a specific opinion about plaintiff's ability to sit or stand for particular periods of time).

It is possible that the ALJ surmised that no more than six of eight hours sitting or standing and walking would reflect the limitations in an RFC for only light work.  Indeed, a job in the "light work" category might mean "a *good deal* of walking or standing," or "sitting *most* of the time with some pushing and pulling of arm or leg controls."  20 C.F.R. § 404.1567(b) (emphasis added).  But even if the specific limitation that the ALJ included in Harrington's RFC was meant to reflect the requirements of light work, its specificity still is the product of her "own surmise" and not supported by substantial evidence.

At best, the ALJ's conclusion comes from whole cloth. Even worse, however, there is evidence in the record that actually contradicts the ALJ's determination that Harrington could spend six of eight hours sitting or standing and walking.  At her hearing, Harrington testified that she frequently needed to sit.  *See* Docket Item 10 at 68 ("Every time I do the dishes, I have to go sit down for at least 20 minutes."); 70 ("Q:

Okay. How long would you can[sic] sit in a chair like the one you're sitting in here today without a problem? . . . A: It's been about – I've been here for about 15 minutes in this chair and it hurts.  Q: So at what point then would you need to stand? . . . would [this] be usual for you, this 20-30 minute timeframe?  A: Yes.").

If Harrington can, in fact, sit for six hours, or stand and walk in combination for six hours, in an eight-hour work day, those determinations must come from medical evidence or opinions in the record, not the ALJ's "own surmise."  *Cosnyka*, 576 F. App'x. at 46.  Therefore, the case is remanded so that the ALJ can reconsider these specific limits in her RFC determination or develop the record by recontacting Harrington's physicians to obtain evidence supporting such specific limitations.

## **CONCLUSION**

For the reasons stated above, the Commissioner's motion for judgment on the pleadings, Docket Item 17, is DENIED, and Harrington's motion for judgment on the pleadings, Docket Item 13, is GRANTED in part and DENIED in part.  The decision of the Commissioner is VACATED, and the matter is REMANDED for further administrative proceedings consistent with this decision.

SO ORDERED.

Dated:      August 20, 2019
            Buffalo, New York


                                    *s/ Lawrence J. Vilardo*
                                    LAWRENCE J. VILARDO
                                    UNITED STATES DISTRICT JUDGE