UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHELLIE A. HARRINGTON,

        Plaintiff,

    v.                                                                                     18-CV-249-LJV
                                                                                           DECISION & ORDER
COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____

      The plaintiff, Shellie A. Harrington, is a prevailing party in this social security benefits action. Her counsel has moved for $12,685.50 in attorney's fees under 42 U.S.C. § 406(b)(1)(A). Docket Item 26. In his response, the Commissioner of Social Security ("Commissioner") argues that this Court should "reduce counsel's fee award to no more than the 25% statutory cap of $12,157.40." Docket Item 30 at 6. Harrington did not file a reply, and the time to do so has passed.

      For the reasons that follow, this Court grants in part and denies in part Harrington's counsel's motion and awards $12,157.40 in fees.

## **TIMELINESS**

      On August 2, 2019, the United States Court of Appeals for the Second Circuit held that a motion for attorney's fees under 42 U.S.C.§ 406(b) must be filed within 14 days after the plaintiff receives a calculation of past-due benefits. *Sinkler v. Berryhill*, 932 F.3d 83, 90 (2d Cir. 2019). In this case, Harrington was awarded both supplemental security income ("SSI") benefits and disability insurance benefits ("DIB").

Her SSI notice of award was dated May 13, 2020, and her DIB notice of award was dated May 17, 2020.  *See* Docket Item 30 at 2.  Under the Federal Rules of Civil Procedure, a document is deemed received three days after mailing.  Fed. R. Civ. P. 6(d).  Thus, Harrington's motion—filed June 3, 2020—is timely based on the date of the second letter.

## **REASONABLENESS**

Section 406(b)(1)(A) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.  In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

On May 13, 2020, the Social Security Administration ("SSA") informed Harrington that she had been awarded $50,742.00 in past-due SSI benefits.  Docket Item 26-4 at 2.  Based on this letter, Harrington's counsel calculated that he was due $12,685.50 in fees (25% of $50,742,00).  Docket Item 26-1.  On May 17, 2020, SSA advised Harrington that she also was entitled to DIB.  Docket Item ECF 26-5.  The May 17 notice of award stated that SSA had withheld $5,438.65—25%—of the past-due DIB benefits for attorneys' fees.  *Id.* at 3.

On July 10, 2020—after Harrington's counsel filed the motion for fees—SSA sent Harrington a notice explaining that her "SSI past-due benefits has [sic] been updated to $47,142.00," of which $26,875.00 was "eligible for fee calculation."  Docket Item 30-1 at

1. The notice further explained that "[f]or beneficiaries who are entitled to both [DIB] and SSI benefits, the SSI past-due benefits eligible for fee calculation is the amount that would have been due had the [DIB been] paid timely." *Id.* Accordingly, SSA withheld $6,718.75 from Harrington's past-due SSI benefits for attorney's fees. *Id.*

Based on all that, the Commissioner argues that "the total amount available for attorney's fees [is] $12,157.40 ($6,718.75 plus $5,438.65)." Docket Item 30 at 2. As noted above, Harrington did not reply. Based on the information in the July 10 notice of award, this Court agrees with the Commissioner and finds that Harrington's counsel is entitled to $12,157.40 in fees.

This Court further finds that $12,157.40 is reasonable based on counsel's experience in social security law, the character of the representation provided, and the favorable results achieved. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002). It also is consistent with Harrington's fee agreement. Docket Item 26-6 (providing that "the attorney fee will be 1/4 (25%) of the past due benefits resulting from [Harrington's] claim"). Moreover, there is no indication that this fee is a windfall.[1] *Id.* This Court therefore awards Harrington's counsel $12,157.40 in fees under 42 U.S.C. § 406(b)(1)(A).

By stipulation approved and ordered on December 10, 2019, this Court previously awarded Harrington's counsel $5,950.93 in fees under the Equal Access to

---

[1] While the fee here constitutes an hourly rate of almost $400—high by Western New York standards—the precedent cited in counsel's fee application and the incentive necessary for counsel to take contingency-fee cases weigh in favor of approving the fee here. *See Gisbrecht*, 535 U.S. at 808 (noting that "a record of the hours spent representing the claimant" can be used by the court "as an aid to [its] assessment of the reasonableness of the fee yielded by the fee agreement").

Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  Docket Items 24, 25.  Because the fees granted above exceed the EAJA fees, Harrington's counsel must refund the EAJA fees to her.  *See Wells v. Bowen*, 855 F.2d 37, 42 (2d Cir. 1988).

## **ORDER**

In light of the above,

IT IS HEREBY ORDERED that the plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b)(1)(A) in the amount of $12,685.50, Docket Item 26, is GRANTED IN PART AND DENIED IN PART.  More specifically, the motion is granted in the adjusted amount of $12,157.40; and it is further

ORDERED that Harrington's counsel shall refund the $5,950.93 in EAJA fees to Harrington within 14 days of the entry date of this decision and order.

SO ORDERED.

Dated:     August 25, 2020
           Buffalo, New York

                                              */s/ Lawrence J. Vilardo*
                                              LAWRENCE J. VILARDO
                                              UNITED STATES DISTRICT JUDGE